UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                   Case No. 8:07–cv–02295–T–24–TGW

CUSTOM CLIMATE CONTROL, INC.,

      Defendant.
_____/

## **O R D E R**

The Court now considers Defendant's unopposed motion to terminate the Consent Decree entered on February 11, 2008 in this case. (Docs. 15, 16.)

The United States brought this civil action against Custom Climate Control, Inc., an air conditioning servicing business in Clearwater, Florida, alleging violations of the Clean Air Act. The United States alleged that Defendant employed uncertified technicians and installers, who knowingly released refrigerant gas from air conditioning appliances into the environment, failed to use certified recovery equipment to capture refrigerant gas from air conditioning appliances, and failed to properly comply with information requests from the U.S. Department of Environmental Protection ("EPA"). (Doc. 1.)

The same day that United States filed the complaint, it filed a proposed Consent Decree. (Doc. 3.) The Court approved the Consent Decree approximately three months later, on February 11, 2008. (Doc. 11.) The Consent Decree established a reporting and compliance regime that, among other things, required Defendant to provide quarterly reports to the EPA. Id.

1

Defendant was also required to pay a $5,000 civil penalty.

The Court finds that the purpose of the Consent Decree was to ensure that Defendant complies with the Clean Air Act and regulations issued under it.

The United States and Defendant state that the Defendant has compiled with all terms of the Consent Decree for at least 12 months, and has paid the $5,000 civil penalty due under the Consent Decree.

The Court has reviewed the terms of the Consent Decree,[1] and, based on the parties' representations, finds that the purpose of the Consent Decree has been fully achieved, and there is no significant likelihood of recurring violations of federal law once the Consent Decree has been terminated.  United States v. City of Miami, 2 F.3d 1497, 1505 (11th Cir. 1993).

Accordingly, Defendant's unopposed motion to terminate the Consent Decree (Doc. 15) is **GRANTED**.

**SO ORDERED** in Tampa, Florida on March 1, 2010.

SUSAN C. BUCKLEW
United States District Judge

---

[1] "A district court must look to the specific terms of a consent decree in determining whether and when to terminate supervision or jurisdiction over it."  R.C. ex rel. the Ala. Disabilities Advocacy Program v. Walley, 475 F. Supp. 2d 1118, 1124 (M.D. Ala. 2007) (quoting Gonzalez v. Galvin, 151 F.3d 525, 531 (6th Cir. 1998)).